Clerk's copy
FILED
AT ALBUQUERQUE NM
SEP 3 0 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CURTIS LEE WATSON,

Lead Petitioner, et al.,

v.  No. CIV-99-1020 MV/RLP

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM OPINION AND ORDER FOR TRANSFER

This matter is before the Court *sua sponte* for preliminary consideration of Petitioner's "class action" petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is confined pursuant to a criminal conviction entered by the District of Columbia Superior Court and is currently incarcerated in New Mexico. He has previously filed a habeas corpus petition in the United States District Court for the District of Columbia. The Court of Appeals for the District of Columbia Circuit affirmed the dismissal of that petition for the reason that the district court did not have subject matter jurisdiction. Petitioner has also filed petitions for writ of habeas corpus under 28 U.S.C. §§ 2254 and 2255, and under § 2241, in this Court. *Watson v. Dorsey*, No. CIV-99-0581 LH/LCS; *Watson v. Dorsey*, No. CIV-99-0904 JC/LCS. Although Petitioner names the United States as Respondent, he remains incarcerated in the Torrance County, New Mexico, Detention Center, where former Respondent Dorsey is the warden.

The instant § 2241 petition contends that the District of Columbia statute under which Petitioner was convicted is unconstitutionally vague and treats a certain class of gun owners differently than others. As a result, his conviction and the convictions of all others similarly situated



violate the Second Amendment and the Equal Protection Clause. Whatever the merits of Petitioner's assertions, the United States District Court for the District of Columbia would provide the more convenient forum for adjudicating Petitioner's claims. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499 n.15 (1973); *and see Dunn v. United States Parole Comm'n*, 818 F.2d 742, 744 (10th Cir. 1987) ("only in the most formal sense does [Respondent Dorsey] control whether [Petitioner] is released"). This proceeding will be transferred to the United States District Court for the District of Columbia.

IT IS THEREFORE ORDERED that the Clerk is directed to transfer this case to the United States District Court for the District of Columbia.

_____
UNITED STATES DISTRICT JUDGE